IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HUNT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ASLAM et al,<br><br>　　　　　Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING PLAINTIFF'S [128]<br>MOTION FOR ALTERNATIVE SERVICE<br><br>Case No. 2:19-cv-00275-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

　　　　Before the court is Plaintiff Peggy Hunt's (Plaintiff) ex parte Motion for Alternative Service (ECF 128) (Motion). Plaintiff seeks to serve Defendant Imtiaz Aslam (Defendant) via WhatsApp pursuant to Federal Rule of Civil Procedure 4(f)(3). For the reasons set forth below, the court GRANTS the Motion.

## BACKGROUND

　　　　This fraudulent transfer action involves an attempt to recover funds from Defendant who is believed to be living in Dubai, United Arab Emirates (UAE) (ECF 128 at 3). On October 6, 2022, the court granted Plaintiff's request for alternative service via mail and email but denied the request as to service via WhatsApp (ECF 125). The court reasoned that service via WhatsApp was not yet warranted unless service by mail and email proves futile (*id.*). On February 10, 2023, Plaintiff filed the instant Motion requesting alternative service via WhatsApp (ECF 128). In support of this request, Plaintiff argues that service on Defendant via WhatsApp comports with constitutional due process and is not prohibited by an international agreement or law. Plaintiff also contends that service by mail and email have proven impracticable and ineffective. Despite ongoing efforts, Plaintiff has been unsuccessful in serving Defendant via mail and two email

addresses (ECF 128 at 3). Attempted service by mail and one email address was returned as undeliverable, and there is no indication that Defendant received the other email (*Id.*).

## LEGAL STANDARDS

Federal Rule of Civil Procedure 4(f) governs service on an individual in a foreign country. Unless there is an internationally agreed means of service, a person in a foreign country may be served under either Rule 4(f)(2) or 4(f)(3). Fed. R. Civ. P. 4(f). Subsection (f)(2) permits alternative service when it is "reasonably calculated to give notice" through legally prescribed methods such as the foreign country's service laws or other methods not prohibited by the country. Fed. R. Civ. P. 4(f)(2). Subsection (f)(3) permits service on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

Service under Rule 4(f)(3) has two requirements: (1) it "must comport with constitutional notions of due process," and (2) "must not be prohibited by international agreement." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). The first element requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The second element is usually checked against the backdrop of international service agreements like the Hague Convention on the Service Abroad of Judicial and Extrajudicial Service or other treaties. *Color Switch LLC v. Fortafy Games DMCC*, 2018 WL 2298401, at *3 (E.D. Cal. May 21, 2018). Ultimately, the decision to order service of process under Rule 4(f)(3) "is committed to the sound discretion of the district court." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (quoting *United States v. Lebanese Canadian Bank*, 285 F.R.D. 262, 266 (S.D.N.Y. 2012)).

**DISCUSSION**

Plaintiff asks the court to grant alternative service to serve Defendant by sending the complaint and summons to Defendant's WhatsApp account. As noted in the court's prior Order (ECF 125), the court may not allow a messaging system like WhatsApp as an additional method of service unless other methods of service such as email "have proven impracticable and ineffective." *See Skullcandy v. Sterling*, 2019 U.S. Dist. LEXIS 118489, at *2 (D. Utah July 16, 2019). The court may then consider electronic messaging as a "supplementary mode of service." *Joe Hand Promotions, INC v. Carrette*, No. 12-2633-CM, 2013 U.S. Dist. LEXIS 109731, at *4 (D. Kan. Jul 9, 2013). Plaintiff has shown that its numerous attempts to serve Defendant personally, by mail, and by email have been ineffective and that despite these ongoing efforts, Plaintiff has thus far been unsuccessful in serving Defendant. The court will therefore consider whether service via WhatsApp comports with the requirements of Rule 4(f)(3) under the circumstances of this case.

To meet the first element of Rule 4(f)(3), Plaintiff must show that the mode of service is reasonably calculated to apprise Defendant of the action. Plaintiff may provide the evidence that the account connected to the system is authentic, and that Defendant has used the system for communication purposes. *See PPE Supplies, LLC v. Khan Enterprises General Trading Company*, No. 21-CV-0144-CVE-SH, 2022 WL 135912, at *3 (N.D. Okla. Jan. 14, 2022). Here, Plaintiff has shown that based on information from a specialized investigative firm, the WhatsApp account for Defendant is authentic, and Defendant has used WhatsApp for communication purposes. The court therefore finds that service via WhatsApp to Defendant is reasonably calculated to provide notice to Defendant of this action.

As to the second element of Rule 4(f)(3), Plaintiff must show that service by WhatsApp in the UAE is not prohibited by international agreement. First, the UAE "not a party to The Hague Service Convention or any other treaty related to service of process." *Color Switch LLC*, 2018 WL

2298401, at *3. Moreover, service via WhatsApp does not appear to be prohibited by any international agreements. *See e.g.*, *Williams v. Doe*, 2021 WL 4975742, at *2 (W.D. Mo. Oct. 26, 2021) ("Electronic service of process by e-mail and/or WhatsApp does not appear to be prohibited by international agreement."). As such, service under Rule 4(f)(3) is permissible in this case.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

(A)  The Motion is GRANTED.

(B)  Plaintiff may effect service of its complaint on Defendant by sending the complaint and summons to Defendant's WhatsApp account.

(C)  Service of the complaint will be complete once Plaintiff receives a confirmation that the complaint has been sent to the recipient.

(D)  A copy of this order must be served with the complaint.

IT IS SO ORDERED.

DATED this 17 May 2023.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah